ORIGINAL

MICHAEL R. SCOLNICK (MS9984)
**Michael R. Scolnick, P.C.**
175 Burrows Lane
Blauvelt, New York 10913
Telephone: 845-354-9339
Fax: 845-365-1506
*Attorneys for the Plaintiff*

PLAINTIFF DEMANDS A
TRIAL BY JURY

# United States District Court
Southern District of New York

KAREL S. FERRARO

        Plaintiff,

-against-

NEW YORK STATE TROOPER JUAN F. THOMAS, NEW YORK STATE TROOPER SARGENT CRESPO, and NEW YORK STATE TROOPER RODNEY M. NUNEZ

        Defendants,

Civil Action No_____
COMPLAINT FOR
DAMAGES-
Assault; Battery
42 U.S.C. 1981, 1983, 1985,
1st, 4th, 5th, 8th and 14th
Amendments U.S. Constitution

**08 CIV. 2530**

**JUDGE KARAS**

## PRELIMINARY STATEMENT

1. This is an action for monetary damages (compensatory and punitive) against New York State TROOPER JUAN F. THOMAS, (hereinafter THOMAS), New York State TROOPER SARGENT CRESPO, (hereinafter CRESPO), and TROOPER RODNEY M. NUNEZ, (hereinafter NUNEZ), who perpetrated and/or participated in the assault, battery, and filing of false reports regarding plaintiff, **KAREL S. FERRARO**.

2. On March 26, 2007, at approximately 7:00 a.m., defendants **THOMAS, CRESPO, and NUNEZ,** individually, at the New York State Police barracks for K-Troop, Zone 3, located at the Hawthorne Station, 200 Bradhurst Avenue, Hawthorne, New York acting under the

-1-

color of State law, maliciously, intentionally and wilfully inflicted upon plaintiff, *inter alia*, cruel and unusual punishment, an unprovoked, wanton, unjustified and vicious assault and beating.

## JURISDICTION

3. This action is brought pursuant to 28 U.S.C. Section 1331, 1343, and 1367(a), 42 U.S.C. Sections 1981, 1983 and 1985, the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and under the Constitution, statutes and common law of the State of New York. Pendent jurisdiction, pendent party jurisdiction and supplementary jurisdiction over plaintiff's state law claims is asserted.

4. Venue is laid within the United States District Court for the Southern District of New York in that the Hawthorne Station, alleged above, the place of the incident, is located within, and a substantial part of the events giving rise to the claim occurred within, the boundaries of the Southern District of New York.

## PARTIES

5. Plaintiff, KAREL S. FERRARO was and is a citizen of the United States and at all times relevant hereto resided in the County of Bronx, and State of New York.

6. Defendants New York State Troopers THOMAS, CRESPO, and NUNEZ are and were at all times relevant herein officers, employees and agents of the New York State Police, an agency of the State of New York. Defendants THOMAS, CRESPO, and NUNEZ are sued individually and in their official capacity.

7. At all times relevant herein, the defendants were acting under color of state law in the course

and scope of their duties and functions as agents, servants, employees and troopers of the New York State Police. Not only were they acting in concert with each other, they were acting for and on behalf of, and in concert with, the New York State Police at all times relevant herein with the power and authority vested in them as troopers, agents and employees of their employer, and incidental to the lawful pursuit of their duties as troopers, employees and agents of that employer.

8. At all times mentioned herein, the individual defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York.

## NOTICE OF INTENTION TO MAKE CLAIM

9. Within 90 days following the acts herein complained of arising from this incident, plaintiff filed a written Notice of Intention to Make Claim with the State of New York. A Claim against the State of New York, based on the same facts, is being commenced in the New York State Court of claims contemporaneously herewith.

## FACTUAL ALLEGATIONS

10. On March 26, 2007 at approximately 7:00 a.m. while plaintiff KAREL FERRARO was lawfully sleeping in his vehicle, parked on the side of the northbound Taconic State Parkway, he was taken into custody and arrested by defendants THOMAS, CRESPO and NUNEZ.

11. After plaintiff was taken into custody by defendants THOMAS, CRESPO and NUNEZ, they brought him to the New York State police barracks for Troop K, Zone 3, the Hawthorne Station, located at 200 Bradhurst Avenue in the hamlet of Hawthorne, Town of Mt. Pleasant, County of Westchester and State of New York where he was held.

12. While at the Hawthorne Station in the custody of defendants THOMAS, CRESPO and NUNEZ, without provocation on plaintiff's part, defendants THOMAS, CRESPO and NUNEZ attacked and repeatedly pummeled, choked, and beat plaintiff FERRARO with great and damaging force, until his jaw was shattered, all while Plaintiff FERRARO was shackled to a wall.

13. Defendants THOMAS, CRESPO, and NUNEZ, assaulted, attacked and beat plaintiff KAREL FERRARO, with improper, unlawful, dangerous, harmful, and unwarranted force and violence, so as to cause Plaintiff FERRARO injury thereby, and did, in fact fracture his jaw on the right side of the mandible, thereby causing him severe pain and suffering and physical injury, together with severe emotional injury and distress, from the aggressive, violent, assaultive, battering, threatening, intimidating, menacing, terrorizing, outrageous behavior hereinabove described and alleged, including, as well, the intentional infliction of fear and emotional harm, upon the Plaintiff.

14. Defendants THOMAS, CRESPO and NUNEZ carried out this assault upon plaintiff in bad faith, sadistically and maliciously for the very purpose of causing physical harm to plaintiff. The force used upon plaintiff by defendants THOMAS, CRESPO and NUNEZ was not in any way justified, nor necessary to either maintain or restore order or discipline, and was, perpetrated, upon information and belief, at least in part, because defendants felt plaintiff was "running his mouth."

15. The assault and battering of the Plaintiff was totally without lawful justification of any kind, and was done by defendants maliciously and in bad faith and with the intent to discriminate against the Plaintiff, upon information and belief, on account of his race. The defendant

troopers acted with reckless and wanton disregard for the rights, health and safety of the plaintiff.

16. As a result of defendants THOMAS, CRESPO and NUNEZ's assault, plaintiff suffered severe injuries, including, upon information and belief, total and permanent injuries to the right mandibular joint and/or the right side of his mandible. Plaintiff also suffered mental and emotional distress as a result of defendants' vicious and malicious assault upon him.

17. Plaintiff FERRARO was then taken to Westchester County Medical Center where he was diagnosed with a right angle fracture to the right side of the mandible.

18. On March 26, 2007, plaintiff FERRARO was told by medical providers that he needed to be repaired by a plastic surgery team.

19. On August 22, 2007, plaintiff FERRARO, was told by medical providers after x-rays were taken, that the right mandibular joint was still fractured completely.

20. Defendants acted maliciously and intentionally.

21. As a direct and proximate result of the acts of the defendants, plaintiff suffered severe and permanent damages including, but not limited to: Violation of his constitutional rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution to have freedom of speech, to be free from an unreasonable seizure of his person, assault, terrorism, fear for life and person, humiliation, racial discrimination, loss of weight, severe, permanent, physical injury, emotional distress and mental anguish.

### FIRST COUNT
### (42 U.S.C. SECTIONS 1981, 1983 and 1985)

22. Paragraphs 1 through 21 are incorporated herein by reference. Defendants, acting in concert and under the color of state law, have deprived plaintiff KAREL S. FERRARO of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. Sections 1981, 1983 and 1985. As a result, plaintiff KAREL S. FERRARO claims damages for the injuries set forth above.

## SECOND COUNT
## (ASSAULT)

23. Paragraphs 1 through 22 are incorporated herein by reference. Upon approaching plaintiff KAREL S. FERRARO and handcuffing him to a wall and mercilessly beating him, defendants THOMAS, CRESPO and NUNEZ, acting in concert, made plaintiff fear for his life, physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching. As a result of that assault, plaintiff KAREL S. FERRARO claims damages for the injuries set forth above.

## THIRD COUNT
## (BATTERY)

24. Paragraphs 1 through 23 are incorporated herein by reference. Defendants THOMAS, CRESPO and NUNEZ, acting in concert, placed hands on plaintiff KAREL S. FERRARO, beat and terrorized him. As a result of the battery, plaintiff KAREL S. FERRARO claims damages for the injuries set forth above.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally for compensatory damages on each Cause of Action; for punitive damages on each

Cause of Action; awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Blauvelt, New York
This 12 day of March, 2008

_____
**MICHAEL R. SCOLNICK,** MS9984
MICHAEL R. SCOLNICK, P.C.
Attorneys for plaintiff
175 Burrows Lane,
Blauvelt, New York 10913
Phone: (845) 354-9339
Fax: (845) 365-1506
E-Mail: Scollaw@optonline.net