UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAREL S. FERRARO, Plaintiff, | ELECTRONICALLY FILED |
| - against - | 08-CV-2530 (KMK) |
| NYS TROOPER JUAN F. THOMAS, et al., Defendants. | **ANSWER TO COMPLAINT** |
| | ***JURY TRIAL DEMANDED*** |

Defendants New York State Trooper Juan F. Thomas and Sgt. Joseph J. Crispino II, Individually and as an Employee of the New York State Police (hereinafter the "Defendants"), by way of answer to the allegations of the Complaint, aver as follows:[1]

**AS TO THE PRELIMINARY STATEMENT**

1. Defendants deny the allegations contained in paragraph 1 of the Complaint.

2. Defendants deny the allegations contained in paragraph 2 of the Complaint.

**AS TO JURISDICTION**

3. Defendants contend that no response is required. To the extent that one is required, Defendants admit the allegations in paragraph 3 of the Complaint to the extent that the Plaintiff's action arises under 42 U.S.C. § 1983, and purports to arise under 42 U.S.C. § 1985, and that this Court has jurisdiction under 28 U.S.C. §§ 1331, 1343, and 1367(a), except that, once the federal constitutional claims are dismissed, the Court, under 28 U.S.C. § 1367(c)(3), has discretion to

[1] The Defendants answer in their official and individual capacities, and answer allegations directed toward other individuals on the basis of information and belief. References to "paragraph(s)" herein are to the numbered paragraphs of the Complaint. Upon information and belief, New York State Trooper Rodney M. Nunez has not yet been served, and thus, this answer is submitted only on behalf of the served defendants, Trooper Thomas and Sgt. Crispino. Defendants will refer to the correct spelling of Sgt. Crispino rather than the one in the Complaint.

decline to exercise supplemental jurisdiction over any remaining state law claims. Defendants deny all other allegations in paragraph 3 of the Complaint.

4. Defendants admit the allegations in paragraph 4 of the Complaint.

**AS TO PARTIES**

5. Defendants lack knowledge or information sufficient to form a belief as to the assertions in paragraph 5 of the Complaint.

6. Defendants admit the allegations in the first sentence of paragraph 6 of the Complaint. Defendants admit the allegations in the second sentence of paragraph 6 of the Complaint, with the exception that there is no jurisdiction for the Defendants to be sued in their official capacities.

7. Defendants admit the allegations in paragraph 7 of the Complaint to the extent that they were acting within the scope of their employment with the New York State Police, but deny all other allegations.

8. Defendants admit the allegations in paragraph 8 of the Complaint.

**AS TO NOTICE OF INTENTION TO MAKE CLAIM**

9. Defendants admit the allegations in paragraph 9 of the Complaint to the extent that they are consistent with state court records.

**AS TO THE FACTUAL ALLEGATIONS**

10. Defendants deny the allegations in paragraph 10 of the Complaint, except admit that on March 26, 2007, Defendant Trooper Thomas arrested Plaintiff for driving while intoxicated, and that Defendant Sgt. Crispino was not at the scene.

11. Defendants deny the allegations in paragraph 11 of the Complaint, except admit that Plaintiff was brought to the State Police station in Hawthorne, New York, and that Defendant Sgt.

Crispino was not involved in the transfer.

12. Defendants deny the allegations in paragraph 12 of the Complaint.

13. Defendants deny the allegations in paragraph 13 of the Complaint.

14. Defendants deny the allegations in paragraph 14 of the Complaint.

15. Defendants deny the allegations in paragraph 15 of the Complaint.

16. Defendants deny the allegations in paragraph 16 of the Complaint.

17. Defendants deny the allegations in paragraph 17 of the Complaint, except to admit that Plaintiff was brought to the Westchester County Medical Center, where an examination revealed that Plaintiff's jaw had been broken on a previous occasion.

18. Defendants lack knowledge or information sufficient to form a belief as to the assertions in paragraph 18 of the Complaint.

19. Defendants lack knowledge or information sufficient to form a belief as to the assertions in paragraph 19 of the Complaint.

20. Defendants deny the allegations in paragraph 20 of the Complaint.

21. Defendants deny the allegations in paragraph 21 of the Complaint.

**AS TO THE FIRST CAUSE OF ACTION**

22. With respect to the allegations in the first sentence of paragraph 22 of the Complaint, Defendants refer to the responses given to paragraphs 1 through 21 above. Defendants deny the allegations in the second and third sentences in paragraph 22 of the Complaint.

**AS TO THE SECOND CAUSE OF ACTION**

23. With respect to the allegations in the first sentence of paragraph 23 of the Complaint, Defendants refer to the responses given to paragraphs 1 through 22 above. Defendants deny the allegations in the second and third sentences in paragraph 23 of the Complaint.

**AS TO THE THIRD CAUSE OF ACTION**

24. With respect to the allegations in the first sentence of paragraph 24 of the Complaint, Defendants refer to the responses given to paragraphs 1 through 23 above. Defendants deny the allegations in the second and third sentences in paragraph 24 of the Complaint.

**AS TO THE DEMAND FOR RELIEF**

25. With respect to the "Wherefore" clause of the Complaint, no response is required. To the extent that a response is required, Defendants deny that Plaintiff is entitled to any relief.

**DEFENSES**

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

26. The Complaint fails to state a claim upon which relief may be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

27. Plaintiff's claims against the Defendants in their official capacities are barred in whole by the doctrine of sovereign immunity under the Eleventh Amendment to the United States Constitution.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

28. Plaintiff's state law claims of assault and battery fail, in whole or in part, because such claims are not cognizable under 42 U.S.C. § 1983. To the extent that these claims are cognizable, Defendants contend that, once the federal constitutional claims are dismissed, the Court, under 28 U.S.C. § 1367(c)(3), has discretion to decline to exercise supplemental jurisdiction over any remaining state law claims.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

29. To the extent that Plaintiff is unsuccessful, in whole or in part, in litigating factual

issues, or mixed questions of fact and law, in his corresponding Court of Claims action, Plaintiff would be collaterally estopped from relitigating those same factual issues, or mixed questions of fact and law, in the Complaint before this Court.

30. To the extent that Plaintiff is successful, in whole or in part, in recovering any damages or attorney's fees in his corresponding Court of Claims action, any damages or attorney's fees recovered would offset any damages or attorney's fees that may be awarded to the Plaintiff, or agreed upon by settlement, in the Complaint before this Court.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

31. Plaintiff's claims including, but not limited to, claims against the Defendants in their individual capacities are barred, in whole or in part, by the doctrine of qualified immunity.

**JURY DEMAND**

32. Defendants demand a jury trial of all issues appropriate for jury determination.

WHEREFORE, Plaintiff's Complaint should be dismissed with prejudice, and the Defendants should be awarded their costs, together with such other and further relief which this Court deems just and proper.

Dated: New York, New York
June 12, 2008

ANDREW M. CUOMO
Attorney General of the
State of New York
Attorney for Defendants

By: /s/ Frederick Wen
FREDERICK H. WEN (FW-7588)
Assistant Attorney General
120 Broadway
New York, New York 10271
212-416-6536
212-416-6075/6076/6009 (fax)

**DECLARATION OF SERVICE**

FREDERICK H. WEN, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows: that on June 12, 2008, he served the annexed Answer to Complaint by having it electronically mailed to counsel for the plaintiff via ECF, with a hard copy sent via the United States Postal Service, at the following addresses:

Michael R. Scolnick, Esq.
Michael R. Scolnick, P.C.
175 Burrows Lane
Blauvelt, NY 10913
Scollaw@optonline.net

/s/ Frederick Wen
FREDERICK H. WEN (FW-7588)
Assistant Attorney General
120 Broadway
New York, New York 10271
(212) 416-6536
Fred.Wen@oag.state.ny.us

Executed on June 12, 2008